MS-R10769/legal/MotStay
**BARRY, McTIERNAN & WEDINGER**
**1024 Amboy Avenue**
**Edison, New Jersey 08837**
Attorneys for Defendant(s)
*Revelations Consulting, LLC*

_____X
MARIO SIMONE.                           :   UNITED STATES DISTRICT COURT
                                        :   DISTRICT OF NEW JERSEY (CAMDEN)
                                        :
                                        :
         Plaintiff(s),                  :
                                        :   CIVIL ACTION
vs.                                     :   NO.: 10-04022
                                        :
REVELATIONS CONSULTING, INC.,           :
ALEJANDRO G. ALONSO, and                :   **NOTICE OF MOTION**
JOHN DOES, 1-10                         :
                                        :
         Defendant(s).                  :
_____X

TO:   Peter J. Koulikourdis, Esq.
      Koulikourdis & Associates
      45 Hudson Street
      Hackensack, New Jersey  07601

Dear Sir/Madam:

   **PLEASE TAKE NOTICE** that on Friday, June 13, at 9:00 a.m., in the forenoon, or as soon thereafter as counsel may be heard, the undersigned, attorneys for Defendant **REVELATIONS CONSULTING, LLC,** shall move before the United States District Court of New Jersey, Camden Vicinage, for an Order staying the Plaintiff Mario Simone's Complaint due to an ongoing criminal proceeding against the principal of Revelations Consulting, LLC, Andrew Bartok, in White Plains, New York.

   **PLEASE TAKE FURTHER NOTICE** that Movant shall rely upon the Annexed Memorandum of Law and Exhibits attached hereto.

**PLEASE TAKE FURTHER NOTICE** the within Motion is submitted pursuant to R. 1:6-2(d), and Oral Argument is not requested, unless Opposition is timely filed.

**PLEASE TAKE FURTHER NOTICE** there are no scheduled arbitration or trial dates in this matter.

I hereby certify an original and one copy of the within pleadings have been mailed to the Court via Express Mail, and copies of same faxed and mailed to Plaintiff on this date as well.

Respectfully Submitted,<br>
BARRY, McTIERNAN & WEDINGER<br><br>
By: _____<br>
Richard W. Wedinger

Dated: May 24, 2011

## THE COURT SHOULD STAY THIS ACTION PENDING THE OUTCOME OF THE CRIMINAL INVESTIGATION

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. Landis v. N. Am. Co., 299 U.S. 248 (U.S. 1936)

The court should evaluate a particular case based upon the following six (6) factors: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously weight against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest. Wash Sec., Inc. v. Cristo Prop. Mgt., Ltd., 7 F. Supp. 2d 523, 526 (D.N.J. 1998), United States v. Kordel, 397 U.S. 1, 12 n.27, 90 S. Ct. 763, 25 L. Ed. 2d 1 (1970), Tucker v. N.Y. Police Dept., 2010 U.S. Dist. LEXIS 15920, 2010 WL 703189 (D.N.J. 2010), Warner v. Kozub, 2007 U.S. Dist. LEXIS 3570, 2007 WL 162766 (D.N.J. 2007), In re NJ Affordable Homes Corp., 2007 Bankr. LEXIS 1000, 2007 WL 869577 (Bankr. D.N.J. 2007). All of these factors, taken together, favor staying this action pending the outcome of criminal proceedings.

### There is an Overlap of Issues in the Civil and Criminal Cases

The similarity of issues has been termed "the most important issue at the threshold" in determining whether or not to grant a stay. Milton Pollack, *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201, 203 (1989). In this case, Defendant, Revelations Consulting, LLC's principal, Andrew Bartok, has been indicted under criminal charges from alleged

violations of numerous sections of Title 19 of the United States Code, including Section 1505, obstruction of a governmental proceeding, such as foreclosure *See* Exhibit A, Indictment. Plaintiff's Complaint in this matter basically alleges a 'mortgage fraud scam.' *See* Exhibit B, Complaint. Plaintiff alleges the Defendant(s) delayed foreclosure on his house for more than a year, but failed to keep him properly informed enough to prevent his house from being sold at auction. *See* Exhibit B. This is precisely the action that the criminal charges against Mr. Bartok stem from. Therefore, this factor weighs in favor of a stay.

### The Status of the Criminal Case May Result in Mr. Bartok Asserting His Fifth Amendment Privileges

"The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned. The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act." *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201, 203 (1989). In this case, indictments were issued on or about July 19, 2010 and the trial is currently scheduled to proceed in November 2011. Mr. Bartok will almost certainly assert his Fifth Amendment privilege during discovery. Additionally, Mr. Bartok will be wary of revealing his defense strategy to any potential co-defendants in the criminal proceedings. Therefore, this factor weighs in favor of a stay.

### Plaintiff Will Not Suffer Undue Prejudice as a Result of Any Delay Cause by a Stay

The damages alleged by Plaintiff is the loss of money already paid to the defendants, as well as the loss of his home due to foreclosure. *See* Exhibit B. Plaintiff is not continuing to

suffer from any monetary damages and any such incidental damages will be potentially taken care of during judgment, as Plaintiff seeks attorneys' fees and costs. While the damages alleged by Plaintiff are indeed unfortunate, they have already occurred and a delay in the proceedings will not unduly prejudice the Plaintiff in this matter. Therefore, this factor weighs in favor of a stay.

### Defendant(s) Will be Prejudiced as a Result of the Denial of a Stay

The individual defendants in this action who are targets of the grand jury investigation must choose between waiving their Fifth Amendment rights and defending themselves in the civil lawsuit or asserting the privilege and probably losing the civil case. Although the Supreme Court has held that it is not unconstitutional to force a defendant into this choice, *see Baxter v. Palmigiano*, 425 U.S. 308, 318-19, 47 L. Ed. 2d 810, 96 S. Ct. 1551 (1976), a court may nevertheless exercise its discretion to stay the civil case in the interests of justice. *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985). In this case, staying all answers, interrogatory and deposition discovery until the conclusion of the criminal proceedings avoids placing the defendants in this position.

Additionally, all of Defendant's records were seized by the New York Postal Inspector following the arrest of Defendant's principal, Mr. Bartok. Consequently, Defendant his not in possession of any records dealing with his business during the time period alleged by Plaintiff. A stay of the proceedings will allow Defendant to reacquire its records and be able to produce responsive documents to Plaintiff and prepare an adequate defense. Therefore, this factor weighs in favor of a stay.

### Considerations of Judicial Efficiency Warrant a Stay

The Court also has an interest in judicial efficiency in terms of managing its caseload. A stay in this type of case is often relatively indefinite, because there is no way to predict when the criminal investigation would end. One court has concluded that this uncertainty weighs against a stay: "It is unrealistic to postpone indefinitely the pending action until criminal charges are brought or the statute of limitations has run for all crimes conceivably committed by [the defendants]." Citibank, N.A. v. Hakim, 1993 U.S. Dist. LEXIS 16299, 1993 WL 481335, at *2 (S.D.N.Y. 1993).

However, the Court also has an interest in resolving individual cases efficiently. Without a stay, interrogatory and deposition discovery would likely cause inefficiency, because defendants will be forced to assert Fifth Amendment privileges. Not only would this burden the Magistrate Judge and this Court with deciding a constant stream of privilege issues, but if some defendants were forced to assert the privilege while others were not, it would be difficult or impossible to fairly apportion liability because of the differing factual record among defendants.

Although, as the Court has noted, it is not unconstitutional to force defendants into this choice, the Court finds that the strong potential for an unjust result outweighs the efficiencies gained by allowing the case to proceed. Furthermore, the Hakim court's concern about an indefinite stay may be alleviated by allowing the parties the petition the Court to lift or modify the stay if there is a change in circumstances warranting it. See Brock v. Tolkow, 109 F.R.D. 116, 121 (E.D.N.Y. 1985). Therefore, this factor weighs in favor of a stay.

**No Harm Will be Done to the Public if a Stay is Granted**

There is no harm to the public interest in granting a stay of the civil case. Courts have denied stays where the civil case, brought by a government agency, was intended to protect the public by halting the distribution of mislabeled drugs, see United States v. Kordel, 397 U.S. 1, 11, 25 L. Ed. 2d 1, 90 S. Ct. 763 (1970), or the dissemination of misleading information to the investing public, see Securities and Exchange Commission v. Dresser Indus., 202 U.S. App. D.C. 345, 628 F.2d 1368, 1377 (D.C. Cir. 1980). In fact, a stay in this case would benefit the public by allowing the Government to conduct a complete, unimpeded investigation into potential criminal activity. In this case, there is no tangible harm to the public from these alleged frauds that could not be remedied by the criminal investigation. Therefore, the public interest weighs in favor of a stay.

**CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's motion to stay all interrogatory and deposition discovery in this action until the completion of the criminal proceedings on Defendant's principal, Andrew Bartok.

Respectfully submitted,
Barry, McTiernan & Wedinger

Richard W. Wedinger, Esq.

SFM
MS-R10769/legal/MotStay